UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:06CV-00104-EHJ

HUBERT W. GOODMAN                                              PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                             DEFENDANT

**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION**

BACKGROUND

Before the Court is the complaint (DN 1) of Hubert W. Goodman ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). Both the plaintiff (DN 9) and the defendant (DN 12) have filed a Fact and Law Summary.

The District Judge has referred the case to the undersigned United States Magistrate Judge (DN 5) to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations. 28 U.S.C. Section 636(b)(1)(B). By Order entered July 31, 2006 (DN 5), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

On August 28, 2003, plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income payments (Tr. 46-48, 496-499). Plaintiff alleged that he became disabled on March 25, 2003 as a result of kidney problems, heart problems, seizures, and left eye

blindness (Tr. 15, 46, 71, 496). Administrative Law Judge James Craig ("ALJ") conducted a hearing on July 1, 2004 in Owensboro, Kentucky. The plaintiff was present and represented by attorney Christopher Rhoads. Also present and testifying was Stephanie Barnes, Rh.D., as a vocational expert (Tr. 43, 575).

In a decision dated August 25, 2004, the ALJ addressed plaintiff's applications in the context of a five step sequential evaluation process promulgated by the Commissioner (Tr. 14-21). At the first step, the ALJ found that plaintiff had not performed substantial gainful work since the alleged onset disability date (Tr. 15). At the second step, the ALJ concluded from the medical evidence that plaintiff's seizure disorder, heart problems, depression, and sleep apnea are non-severe impairments within the meaning of the regulations because plaintiff has not experienced significant symptoms that have imposed more than minimal limitation on his ability to work for a continuous period of at least 12 months (Tr. 17). The ALJ acknowledged plaintiff's allegation of work-related limitations due to blindness in the left eye but concluded plaintiff had failed to sustain his burden of establishing the existence of a medically determinable eye impairment (Tr. 17). From the medical evidence the ALJ did find that plaintiff's renal disorder is a "severe" impairment within the meaning of the regulations (Tr. 17). At the third step, the ALJ found that plaintiff's renal disorder is not "severe" enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1 (Tr. 17).

At the fourth step, the ALJ found plaintiff's complaints of pain to be somewhat credible but not to the extent alleged (Tr. 18). In making the residual functional capacity findings the ALJ relied on the opinions expressed by the non-examining State agency physician, J. Howell, M.D. (Tr. 18). The ALJ found that plaintiff retains the residual functional capacity to perform less

than a full range of work at the light exertional level (Tr. 18). More specifically, the ALJ found that plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently; can sit, stand and/or walk up to 6 hours each in an 8 hour workday; can occasionally balance, stoop, kneel, crouch and crawl; can never climb ladders, ropes or scaffolds; should avoid even moderate exposure to temperature extremes, humidity, moving machinery, electrical shock and unprotected heights; due to side effects from his medication, he should avoid work which requires more than simple instructions or decisions; and he needs work which requires no greater visual acuity than his past work (Tr. 18). In light of testimony from the vocational expert, the ALJ found plaintiff does not have the residual functional capacity to return to his past relevant work (Tr. 19).

At the fifth step, the ALJ relied on testimony from the vocational expert to find that plaintiff is capable of making a vocational adjustment to other work that exists in significant numbers in the national economy (Tr. 19-20). Therefore, the ALJ concluded that plaintiff is not under a "disability," as defined in the Social Security Act, at any time through the date of the decision (Tr. 20-21). The ALJ denied plaintiff's applications (Tr. 21).

Plaintiff timely filed a request for review and submitted additional medical evidence (Tr. 10, 519-574). The Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 6-8).

## CONCLUSIONS OF LAW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term

"disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. Sections 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have an impairment or combination of impairments that significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 6-8). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of

4

the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff's challenges to the final decision of the Commissioner focus primarily on the fourth step of the sequential evaluation process (DN 9). By way of background, in conjunction with the fourth step the ALJ made findings regarding the weight assigned to medical source statements in the record[1], plaintiff's credibility[2], plaintiff's residual functional capacity[3], the physical

---

[1] 20 C.F.R. §§ 404.1527(d), 416.927(d).

[2] In assessing a claimant's residual functional capacity the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 96-7p.

[3] The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946. The residual functional capacity finding is based on a consideration of medical source statements and all other evidence in the

5

and mental demands of plaintiff's past relevant work, and plaintiff's ability to return to his past relevant work (Tr. 17-19).

First, plaintiff challenges the ALJ's findings regarding the weight assigned to the opinions of his treating physician, Dr. Wan (DN 9). Plaintiff argues that the ALJ erred in rejecting the opinions of Dr. Wan because they are supported by objective findings and are consistent with evidence in the record (DN 9).

The ALJ noted that plaintiff treated with Dr. Wan since August of 2002 (Tr. 16). The ALJ summarized Dr. Wan's treatment notes as follows:

> "On November 11, 2002, testing revealed obstructive sleep apnea. A C-PAP was prescribed, with improved results. There was also evidence of periodic limb movements during sleep. He was also prescribed antidepressants due to difficulty sleeping. Treatment notes show the claimant's complaints and medications prescribed by Dr. Wan. There is no evidence of any work-related limitations set out within the body of the treatment notes. On March 14, 2004, it is noted the claimant continues to smoke despite a warning to stop. (Exhibits 17F and 19F).
>
> On March 17, 2004, Dr. Wan stated the claimant has generalized fatigue, chest pain, weakness and difficulty sleeping. He has shortness of breath, hypertension and poorly functioning kidneys. He also has epileptic seizures, which Dr. Wan stated have not occurred recently. He further states that on a regular basis, the claimant is 'real tired and weak, has shortness of breath and difficulty concentrating.' He must often lie down two to three hours out of an eight-hour workday. He opined the claimant can stand no more than 30 minutes at a time up to a total of two hours, and sit for 30 minutes to an hour at a time up to a total of three hours in an eight hour workday. He is unable to concentrate enough to complete even simple tasks. He can perform no heavy lifting, bending or stooping. (Exhibit 17F) On April 30, 2004, Dr. Wan wrote another letter which

---

case record about what a claimant can do despite limitations caused by his or her physical and mental impairments. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946.

6

> said, the claimant 'has a history of renal failure, diabetes mellitus, hypertension, low back pain, gastroesophageal reflux disease and depression. Due to these conditions he needs someone to stay with him.' (Exhibit 20F)"

(Tr. 16-17).

The ALJ's findings regarding the weight accorded to Dr. Wan's opinions read as follows:

> "The administrative law judge notes the letter dated March 17, 2004 is inconsistent with Dr. Wan's treating notes and does not appear to have been written by him. The undersigned notes the limitations are not supported by objective medical findings. He gives this letter little weight in determining the claimant's residual functional capacity. The undersigned notes the second letter, dated April 30, 2004, is also not supported by objective medical evidence. There is no evidence the claimant requires someone to stay with him for medical reasons. He gives this letter little weight in determining the claimant's residual functional capacity."

(Tr. 16-17).

A treating physician's medical opinion is entitled to controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. Social Security Ruling 96-2p; 20 C.F.R. § 404.1527(d)(2), 416.927(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993). Notably, the Administrative Law Judge must explain the reason why controlling weight is not applied to the medical opinion of a treating physician. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); Social Security Ruling 96-2p; Wilson v. Commissioner of Social Security, 378 F.3d 541, 545-546 (6th Cir. 2004); Cohen v. Secretary, 964 F.2d 524 (6th Cir. 1992). Additionally, if the medical opinion of a treating source is not accorded controlling weight then the Administrative Law Judge must determine how much weight it should be accorded. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2);

Social Security Ruling 96-2p. In doing so, the Administrative Law Judge must set forth an explanation for the weight accorded. Social Security Ruling 96-2p; 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); <u>Wilson v. Commissioner of Social Security</u>, 378 F.3d 541, 545-546 (6th Cir. 2004) (The Administrative Law Judge must provide "good reasons" for discounting the opinion of a treating physician).

Here, the ALJ has set forth good reasons for discounting the limitations expressed by Dr. Wan in letters dated March 17 and April 30, 2004. Specifically, the ALJ found these limitations are not supported by objective medical findings (Tr. 17). While plaintiff has identified objective medical findings (DN 9) they pertain to diagnosis, not limitations imposed by the medical conditions. Further, in arguing that Dr. Wan's limitations are consistent with evidence in the record plaintiff has cited his own subjective statements rather than medical opinions from treating, examining or non-examining medical sources. In sum, the ALJ's findings regarding the weight accorded to the opinions of Dr. Wan are supported by substantial evidence in the record and fully comport with applicable law.

Next, plaintiff argues that the ALJ erred in failing to make proper credibility findings as to his testimony and erred in discrediting his testimony (DN 9). Essentially, defendant argues the findings are supported by substantial evidence in the record and fully comport with applicable law (DN 12).

In relevant part the ALJ's credibility assessment reads as follows:

> "The claimant testified he is unable to work due to weakness and blurred vision. Although he stated he had a heart attack, this allegation is not substantiated by the objective evidence. He was treated in the past for a heart infection, which resolved with treatment. In 2002, Mr. Goodman was treated for kidney problems. It appears his left kidney is no longer functioning, but his right

8

> kidney has fully functioning capacity.
>
> Mr. Goodman states that during a normal week, he has two good days and has difficulty during the other days. He can walk up to two minutes at a time. He also complains of dizziness 'all the time' and falls over at times. This allegation of dizziness is not substantiated in the medical evidence. He also states he has constant lower back pain. He states his arms and legs 'go numb.' This complaint is not found in the office notes of his treating physician.
>
> The undersigned finds the claimant's complaints of pain are somewhat credible but not to the extent alleged. He has consistently sought out medical treatment and has followed his treating physician's directions. He takes prescription medication to relieve his symptoms, but is not always compliant with his meds. His activities have been somewhat reduced due to his pain and weakness. However, the medical evidence does not establish a condition so severe as to preclude the performance of all work activity. His inconsistencies adversely affect his credibility."

(Tr. 18).

Plaintiff's statements regarding pain and other symptoms will not, taken alone, establish he is disabled; there must be medical signs and laboratory findings that show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged. 20 C.F.R. §§ 404.1529(a), 416.929(a). In determining whether a claimant suffers from debilitating pain or other symptoms, the two part test set forth in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986), applies. First, the Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition. The ALJ complied with this requirement.

Next, the Administrative Law Judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to

9

produce the alleged disabling pain." Duncan, 801 F.2d at 853. Here, the ALJ found the objective medical evidence did not confirm the severity of the alleged pain and other symptoms arising from plaintiff's conditions (Tr. 18). When, as in this case, the reported pain and other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the Administrative Law Judge considers other information and factors that may be relevant to the degree of pain and other symptoms alleged. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); Social Security Ruling 96-7p.

More specifically, the ALJ considered plaintiff's level of daily activity as a factor in determining the extent to which plaintiff's pain and other symptoms are of disabling severity (Tr. 18). 20 C.F.R. §§ 404.1529(c)(3)(I), 416.929(c)(3)(I); Social Security Ruling 96-7p; Bogle v.Sullivan, 998 F.2d 342, 348 (6th Cir.1993). Additionally, the ALJ considered conflicts between plaintiff's statements and the medical evidence in the record (Tr. 18). 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); Social Security Ruling 96-7p. For example, the ALJ noted that plaintiff "complains of dizziness 'all the time'" but noted plaintiff's allegation is not substantiated in the medical evidence (Tr. 18). The undersigned notes the medical evidence shows while plaintiff has complained of dizziness when seeking treatment for shortness of breath and chest pain (see e.g., Tr. 316, 319) plaintiff has not sought treatment for chronic dizziness. Nor has he reported chronic dizziness to his treating physician. The ALJ also noted plaintiff's complaint that his arms and legs go numb is not found in Dr. Wan's treatment notes (Tr. 18). Plaintiff has responded by pointing out seven instances[4] in which numbness is noted in Wan's treatment notes (DN 9). Of the seven

---

[4]Plaintiff identifies an eighth instance (DN 9, Memorandum at Page 9). However, the eighth instance cited by plaintiff is a May 9, 2005 treatment note that was not part of the record that the ALJ considered in rendering his decision (Tr. 9, 541). Since the Appeals Council

10

treatment notes cited by plaintiff, only two specifically indicate numbness in the arms or legs (Tr. 396, 485). The other treatment notes mention weakness or numbness but do not specify the location (Tr. 404, 406, 418, 432, 483). In sum, while the ALJ may have erred in finding that the office notes of Dr. Wan do not indicate complaints of arm and leg numbness (Tr. 18), the error is minor and does not affect the ALJ's overall finding regarding plaintiff's credibility.

The ALJ also considered the medications taken by plaintiff (Tr. 18) and plaintiff not always being compliant with taking his medications to relieve his symptoms (Tr. 18). These are appropriate considerations in assessing the alleged pain and other symptoms. 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv); Social Security Ruling 96-7p.

The ALJ found from plaintiff's testimony, the medical record, and other evidence in the record that plaintiff does not suffer pain and other symptoms to the extent that he testified (Tr. 18). In the absence of detailed corroborating evidence of plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of plaintiff's credibility. Since tolerance of pain and other symptoms is a highly individualized matter, and a determination of disability based on pain and other symptoms depends, of necessity, largely on the credibility of the plaintiff, the conclusion of the ALJ, who has the opportunity to observe plaintiff's demeanor, "should not be discharged lightly." Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984) (citation omitted). The undersigned concludes that the ALJ's findings regarding plaintiff's credibility are supported by substantial evidence and fully comport with applicable law.

---

considered this new evidence but declined plaintiff's request for review, the Court cannot consider this new evidence in deciding whether to uphold, modify, or reverse the final decision of the Commissioner. Cline v. Commissioner of Social Security, 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

Finally, plaintiff argues that the ALJ erred in failing to determine that a combination of his impairments rendered him totally disabled (DN 9). Plaintiff asserts that a combination of the renal failure, diabetes, sleep apnea and other objective diagnoses clearly render him disabled (DN 9, Memorandum at Page 9). The undersigned concludes there is no merit to plaintiff's argument because the ALJ explicitly indicated he considered the combined effects of all of plaintiff's impairments at the third step in the sequential evaluation process (Tr. 17). Additionally, it is implicit within the administrative decision that the ALJ not only considered the combined effects of plaintiff's impairments he also considered the side effects of plaintiff's pain medication (Tr. 18).

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and it is recommended that judgment be granted for the Commissioner.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and

Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. <u>Thomas v. Arn</u>, 728 F.2d 813 (6th Cir.), <u>aff'd</u>, 474 U.S. 140 (1984).

Copies:        Counsel